IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK KOVAL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PACIFIC BELL TELEPHONE COMPANY,<br>doing business as AT&T,<br><br>　　　　Defendant.<br>_____/ | No. C 12-1627 CW<br><br>ORDER GRANTING MOTION TO STAY ALL PROCEEDINGS (Docket No. 14) AND VACATING CASE MANAGEMENT CONFERENCE |

　　Defendant Pacific Bell Telephone Company, doing business as AT&T, moves to stay the claims brought against it by Plaintiff Frank Koval.  Koval opposes the motion, and asks that, if the action is stayed, the statute of limitations for the claims of class members under the Fair Labor Standards Act (FLSA) be equitably tolled.  The Court took the motion under submission on the papers.  Having considered the papers submitted by the parties, the Court GRANTS Pacific Bell's motion to stay and equitably tolls the FLSA claims of class members until the stay is lifted.  The case management conference set for August 22, 2012 is VACATED.

## BACKGROUND

　　On February 16, 2010, Donald Washington, a service technician formerly employed by Pacific Bell filed a putative class action lawsuit in the Los Angeles County Superior Court, alleging, among other things, that Pacific Bell failed to provide service technicians with meal and rest periods or to compensate them in lieu of those breaks.  Compl., <u>Washington v. Pacific Bell</u>

Telephone Co., Case No. BC 432010.[1]  Washington filed an amended complaint on April 13, 2010.  Am. Compl., Washington.

On April 20, 2010, Frank Koval, along with four others, filed a putative class action complaint against Pacific Bell, doing business as AT&T, in the Alameda County Superior Court.  Koval v. AT&T, Inc., Case No. RG 10510513 (Koval I).  The plaintiffs in Koval I brought claims similar to those made by Washington.  The plaintiffs in Koval I are represented by the same attorneys who represent Koval in the instant case.

On September 28, 2010, the Los Angeles Superior Court granted Pacific Bell's motion to coordinate Washington and Koval I under the title Pacific Bell Wage and Hour Cases, and recommended that a coordination judge be appointed in the Alameda County Superior Court.  Eisen Decl., Ex. E.

On January 25, 2011, Koval, Washington and the other state court plaintiffs filed a consolidated amended class action complaint in the Alameda County Superior Court.  Eisen Decl., Ex. G.  They asserted, among other things, that Pacific Bell "restricted the freedom of field personnel during meal breaks" and required them to work through their meal and rest breaks.  Id. at ¶¶ 21, 22, 36.  They brought claims for (1) failure to provide meal periods, (2) failure to provide rest periods, (3) failure to provide and maintain tools and equipment, (4) failure to provide

---

[1] Pacific Bell requests, and Koval does not oppose, that the Court take judicial notice that certain documents were filed in the related state court proceedings.  Because the accuracy of this fact can be determined by resort to the state court dockets, whose accuracy cannot be reasonably questioned, the Court GRANTS Pacific Bell's request.

2

accurate itemized wage statements, (5) failure to pay timely wages due at termination, (6) violation of the Unfair Competition Law (UCL), and (7) enforcement of the Private Attorney General Act (PAGA).  They sought to prosecute these claims on behalf of "[a]ll persons employed by Defendant within the State of California as field personnel, including Service Technicians, Systems Technicians specializing in Data Communication, Cable Locators, Systems Technicians, and Splicing Technicians, or similarly titled personnel who were performing the same sort of functions as the Named Plaintiffs . . ."  Id. at ¶ 12.  The class periods for the various claims begin on February 16 in 2006, 2007 and 2009 and extend through the date of judgment.

On November 1, 2011, Koval and the other state court plaintiffs filed a second consolidated amended complaint in the Pacific Bell Wage and Hour Cases, in which they added a statutory overtime claim pursuant to California Labor Code sections 510 and 1198 and Wage Order No. Four.  Eisen Decl., Ex. J.

On November 15, 2011, Arturo Franco filed a putative class action complaint in the Riverside County Superior Court against Pacific Bell, making similar claims on behalf of employees "who occupied positions of maintenance service technicians and similar positions in the State of California."  Eisen Decl., Ex. H ¶ 1.

On January 20, 2012, upon Pacific Bell's demurrer in the Pacific Bell Wage and Hour Cases, the state court dismissed the statutory overtime claim, finding that it was barred by California Labor Code section 514, which provides that section 510 does not apply to employees covered by a valid collective bargaining agreement that meets certain criteria.  Eisen Decl., Ex. K.  The

3

second consolidated amended complaint without the dismissed statutory overtime claim remains the operative complaint in that case.

On February 17, 2012, the parties in the Pacific Bell Wage and Hour Cases filed a joint case management statement. Eisen Decl., Ex. L. In the statement, the plaintiffs stated that "Defendant's uniformly enforced policies . . . place unlawful restriction on their and the putative class members' abilities to take duty-free meal and rest break periods" and provided various examples of the purportedly restrictive policies. Id. at 3-4.

On April 2, 2012, upon Pacific Bell's demurrer, the Riverside County Superior Court stayed the Franco case pending resolution of the Pacific Bell Wage and Hour Cases. Eisen Decl., Ex. I.

On April 2, 2012, Koval initiated the instant collective and class action in federal court. Docket No. 1. Koval seeks to represent "[a]ll persons who are or have been employed by Defendant within the State of California as Field Personnel, including Service Technicians, Systems Technicians specializing in Data Communication, Cable Locators, Systems Technicians, and Splicing Technicians, or similarly titled personnel who were performing the same sort of functions as the Named Plaintiff." Compl. ¶¶ 27, 34.

In the complaint, Koval alleges that Pacific Bell restricted field personnel "during meal and rest periods to the point where they provided Defendant with a benefit for which they were uncompensated" during those time periods. Id. at ¶ 25. He further alleges that this resulted in field personnel working in excess of forty hours during a work week, but Pacific Bell did not

4

pay them "overtime compensation for that time." Id. at ¶ 26. Koval asserts two causes of action: (1) a collective action claim for failure to pay overtime compensation and to maintain proper records of hours worked in violation of FLSA; and (2) a class action claim for violation of California's UCL. Id. at ¶¶ 42-51. The class period began for the collective claim on April 2, 2009 and for the class claim on April 2, 2008. Id. at ¶¶ 27, 34.

## DISCUSSION

Pacific Bell moves to stay the instant proceedings pending resolution of the Pacific Bell Wage and Hour Cases pursuant to the doctrine established in Colorado River Conservation Dist. v. United States, 424 U.S. 800 (1976). Koval opposes the motion, and requests that, if the Court grants the motion to stay the proceedings, it also equitably toll the statute of limitations for the putative collective action members' FLSA claims.

I.  Motion to stay under the Colorado River doctrine

Pursuant to the Colorado River doctrine, in situations involving the contemporaneous exercise of jurisdiction by different courts over sufficiently parallel actions, a federal court has discretion to stay or dismiss an action based on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation. 424 U.S. at 817. The two actions need not exactly parallel each other to invoke the Colorado River doctrine; it is enough that the two cases are substantially similar. Nakash v. Marciano, 882 F.2d 1411, 1416 (9th Cir. 1989). The mere presence of additional parties or issues in one of the cases will not necessarily preclude a finding that they are parallel. Caminiti &

5

Iatarola, Ltd. v. Behnke Warehousing, Inc., 962 F.2d 698, 700-701 (7th Cir. 1992); see also Interstate Material Corp. v. City of Chicago, 847 F.2d 1285, 1288 (7th Cir. 1988) (noting that the requirement is for parallel suits, not identical ones).

The federal district courts have a "virtually unflagging obligation" to exercise their jurisdiction, Moses H. Cone Hospital v. Mercury Constr. Corp., 460 U.S. 1, 19 (1983), and should only invoke a stay or dismissal under the Colorado River doctrine in "exceptional circumstances." Colorado River, 424 U.S. at 817. In Colorado River, the Supreme Court announced a balancing test weighing four factors to determine whether sufficiently exceptional circumstances exist: (1) whether either court has assumed jurisdiction over property in dispute; (2) the relative convenience of the forums; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the concurrent forums obtained jurisdiction. 424 U.S. at 818. Subsequently, in Moses H. Cone, the Supreme Court added two more factors: whether state or federal law provides the rule of decision on the merits, and whether the state proceeding is adequate to protect the parties' rights. 460 U.S. at 23, 26. The Ninth Circuit has also recognized a seventh factor that a district court may consider: whether the federal plaintiff is engaged in "forum shopping" or seeking to avoid adverse state court rulings. Nakash, 882 F.2d at 1417. Further, "the existence of a substantial doubt as to whether the state proceedings will resolve the federal action precludes the granting of a stay." Intel Corp. v. Advanced Micro Devices, Inc., 12 F.3d 908, 913 (9th Cir. 1993).

The Supreme Court stated that the decision to defer to a parallel action does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case. Moses H. Cone, 460 U.S. at 16. The Supreme Court cautions, "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." Colorado River, 424 U.S. at 818-19. The weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case. Moses H. Cone, 460 U.S. at 16. The decision whether to stay an action is necessarily left to the discretion of the district court in the first instance. Id. at 19.

A. Substantially similar cases

Pacific Bell contends, and Koval does not dispute, that the instant case is substantially similar to the action that is proceeding in state court.

Although the federal action cite violations of statutes not included in the state action, both actions assert similar factual allegations, and the "crux" of the cases is the same: whether or not Pacific Bell denied meal and rest period breaks to field personnel within California, resulting in damages of payment for work performed during those periods. See Gintz v. Jack In The Box, Inc., 2006 WL 3422222, at *4 (N.D. Cal.) (Wilken, J.) (finding state and federal cases to be substantially similar in a similar situation). Further, the same parties and attorneys appear in both actions, and the class definitions in both actions

7

are virtually identical. The class periods for both cases overlap substantially.

Thus, the Court finds that the cases are substantially similar and will consider application of the Colorado River doctrine.

B. Balance of relevant factors

1. Jurisdiction over property and convenience of forums

Koval argues that the fact that this case does not involve jurisdiction over property weighs in favor of allowing both cases proceed. Koval also contends that, because neither party argues that the federal forum is inconvenient, the second factor is neutral. "However, in Nakash, the court held that when 'there is no res in the control of either court and the forums are equally convenient,'" both "factors become irrelevant to the analysis." Gintz, 2006 WL 3422222, at *4. Thus, neither of these factors will be considered in the balancing test.

2. Desirability of avoiding piecemeal litigation

Koval argues that the state court litigation and the instant case would be "parallel" litigation and not "piecemeal" litigation, apparently because the state case will not resolve the FLSA overtime claim.

Several courts in the Northern District of California, including this Court, have recognized that this factor favors a stay where plaintiffs chose not to add their FLSA claim to the state court action. See Gintz, 2006 WL 3422222, at *5; Ross v. U.S. Bank Nat. Ass'n, 542 F. Supp. 2d 1014, 1022 (N.D. Cal. 2008); see also Robinson v. Nestle Waters N. Am., Inc., 2011 WL 2174375, at *4 (E.D. Cal.). The federal courts do not have exclusive

8

1  jurisdiction over FLSA claims and plaintiffs' choice not to bring
2  all of their state and federal claims together in a single action
3  "creates the kind of piecemeal litigation that the Colorado River
4  doctrine intends to prevent."  Ross, 542 F. Supp. 2d at 1022.

5  Koval attempts to distinguish these cases, in which the
6  courts expressed concern that the plaintiffs had failed to account
7  for why they did not bring their state and federal law claims
8  together in a single action, by arguing that federal court was the
9  only forum available to him.  Koval argues that its state law
10 overtime claim was dismissed without leave to amend and that
11 Pacific Bell refused to stipulate to allow the plaintiffs in the
12 state court case to amend their complaint to add a FLSA overtime
13 cause of action.

14 This argument is unpersuasive.  Pacific Bell, the defendant,
15 did not dictate how the plaintiffs could litigate their case, and
16 Koval offers no explanation for his failure to include a FLSA
17 overtime claim in his complaint at the start or to seek permission
18 from the state court to add it to that complaint over Pacific
19 Bell's objection.  Koval's failure to do so has resulted in
20 piecemeal litigation, in which the state court will consider
21 whether Pacific Bell has violated class members' rights by denying
22 them meal and rest breaks, and the federal court will consider
23 whether that alleged denial of breaks resulted in a failure to pay
24 overtime wages.

25 Accordingly, this factor strongly favors a stay.

9

> 3. Order in which the concurrent forums obtained jurisdiction

The parties agree that the state court gained jurisdiction first and that the action in that court "is substantially farther along than this action." Opp. at 8. See Moses H. Cone, 460 U.S. at 21 (in evaluating this factor, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions"). Koval argues that, regardless of how far along that action is, "any weight given to this factor can be ameliorated by stipulations of the parties to use discovery in the California case in this case." Opp. at 8.

While the parties may be able to reduce the effects of the piecemeal litigation on the litigants through a private arrangement--and no such agreement has been reached by the parties here at this time--this does not diminish its effects on the courts or negate the fact that the state court action has progressed considerably further than this case.

The state court has invested substantial time in the action pending there. It has held multiple case management conferences, overseen several discovery disputes and considered multiple motions regarding the merits, including the demurrer and a motion by Pacific Bell to require the plaintiffs to amend their complaint to eliminate certain job classifications from their putative class. In contrast, this Court has not had a case management conference and the instant motion is the first that this Court has considered in this case.

Accordingly, the Court finds that this factor favors a stay.

10

### 4. Whether State or federal law provides the rule of decision on the merits

In the instant case, Koval asserts a claim under federal law and a claim under state law. Koval argues that "the presence of a federal law issue must always be a major consideration weighing against surrender of jurisdiction." Moses H. Cone, 460 U.S. at 26. However, "[i]f the state and federal courts have concurrent jurisdiction over a claim, this factor becomes less significant." Nakash, 882 F.2d at 1416. Here, Congress understood that state courts were capable of handling FLSA actions and specifically provided that such cases could be brought in either federal or state court. See 29 U.S.C. § 216(b). See also Waterbury v. Safeway Inc., 2006 WL 3147687 (N.D. Cal.) ("Congress believed that both the state and federal courts are appropriate forums to serve the rights of plaintiffs in FLSA actions.").

Further, as Pacific Bell points out, the resolution of the state law issues will reduce the federal claim in this case. Even if this Court would be required to make some separate determination of whether the putative collective action members are entitled to overtime pay under FLSA, the factual findings in the state court action will narrow the determinations that this Court must make.

Accordingly, this factor is neutral or weighs in favor of a stay.

### 5. Whether the state proceeding is adequate to protect the parties' rights

Koval argues that the state court action is not adequate to protect the putative collective action members' rights under the FLSA because, although "the State court would theoretically be

11

adequate to protect Plaintiff's FLSA claims," Pacific Bell has not agreed to allow Koval and the state court plaintiffs to amend their state court complaint to add a FLSA claim. Opp. at 9.

However, as previously noted, Koval may move to amend his state court complaint to add the FLSA claim, without Pacific Bell's consent and over its objection. Koval has provided no explanation for his failure to do so. Koval concedes that the state court would be adequate to hear that claim. Further, given that Congress has seen fit to invest state courts with the authority to hear such claims, this Court agrees that "the California state court will surely be able to protect the rights of the Plaintiffs in this action." Waterbury v. Safeway Inc., 2006 WL 3147687 (N.D. Cal.).

Additionally, Pacific Bell has moved for a stay and not a dismissal of this case. A stay ensures that "the federal forum will remain open if 'for some unexpected reason the state forum does turn out to be inadequate.'" Attwood v. Mendocino Coast Dist. Hosp., 886 F.2d 241, 243 (9th Cir. 1989) (quoting Moses H. Cone, 460 U.S. at 243).

Accordingly, this factor weighs in favor of a stay.

### 6. Forum shopping

Pacific Bell argues that Koval is forum shopping, because he filed this action shortly after the state court judge sustained its demurrer and Koval may be seeking to avoid further adverse rulings in that court. Koval argues that his past decisions to exclude federal claims in the state court action, precluding removal, suggest that he is content to proceed in state court and

12

is not forum shopping by trying to bring a federal claim in federal court.

Even if Koval is not forum shopping, "allowing a substantially similar federal action to proceed would likely encourage forum shopping." Gintz, 2006 WL 3422222, at *7. Further, the fact that Koval only initiated the federal action after the state court sustained Pacific Bell's demurrer to the statutory overtime claim in the case before that court suggests that Koval may have engaged in forum shopping. Thus, the Court finds that this factor favors a stay.

    7. Summary

Because all of the relevant factors are neutral or weigh in favor of a stay, the Court grants Pacific Bell's motion and stays this case pending resolution of the Pacific Bell Wage and Hour Cases proceeding in state court.

II. Equitable tolling of the FLSA claims

In a FLSA collective action, the statute of limitations for each individual claimant runs until he or she files a written consent to opt into the action. 29 U.S.C. § 256(b). Koval asks that, if the Court grants Pacific Bell's motion to stay, it also equitably toll the FLSA statute of limitations for putative collective action members for the duration of the stay.

The Ninth Circuit has applied the doctrine of equitable tolling to FLSA claims. Partlow v. Jewish Orphans' Home of S. Cal., Inc., 645 F.2d 757, 760 (9th Cir. 1981), abrogated on other grounds by Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165 (1989)). The Ninth Circuit recognizes that "equitable tolling concerns itself with the equities of dismissal for untimely filing

13

caused by factors independent of the plaintiff." Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1004 (9th Cir. 2006). Thus, a court considers "whether it would be unfair or unjust to allow the statute of limitations to act as a bar to [a plaintiff's] claim." Id. "Equitable tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time." Stoll v. Runyon, 165 F.3d 1238, 1242 (9th Cir. 1999). In Partlow, the Ninth Circuit allowed equitable tolling where the plaintiffs were without fault and there were "substantial policy reasons" for doing so. 645 F.2d at 760-61.

Pacific Bell argues that "an anticipatory request for tolling is inappropriate," because Koval cannot represent the putative class members until they have opted into the FLSA action and because "until a claimant actually opts in, it is impossible to know whether it was impossible for him or her to file a claim on time." Reply at 10.

However, "[c]ourts have equitably tolled the statute of limitations in a FLSA action when doing so is in the interest of justice." Castle v. Wells Fargo Fin., Inc., 2007 U.S. Dist. LEXIS 31206, at *4 (N.D. Cal. 2007) (citing Partlow, 645 F.2d at 760-61; Beauperthuy v. 24 Hour Fitness USA, Inc., 2007 U.S. Dist. LEXIS 21315, at *8 (N.D. Cal.)). In Castle, for example, another judge of this court prospectively tolled the putative class members for the duration of a stay while the California Supreme Court considered Gentry v. Superior Court. Case No. 06-4347, Docket No. 163. In so holding, the court rejected the defendant's argument

14

that the court cannot toll the FLSA statute of limitations for prospective plaintiffs, noting that the Ninth Circuit has never applied such a rule in a FLSA case. Id. at 2 n.1. Other courts within this district have applied equitable tolling prospectively where the court's discretionary case management decisions have led to procedural delay beyond the control of the putative collective action members. For example, in Helton v. Factor 5, Inc., 2011 U.S. Dist. LEXIS 136170, at *6-7 (N.D. Cal.), a judge of this court tolled the statute of limitations during the pendency of the plaintiffs' motion for conditional FLSA certification for claimants wishing to join the action because the court had previously deferred the motion, although the plaintiffs were prepared to file it, in favor of requiring the parties to participate in a mandatory settlement conference. Id. at *6-7.

Similarly, here, Koval is ready to proceed in this action. He, however, has not sought to proceed on these claims in the state court action. Because the Court chooses to use its discretion to stay the federal case at Pacific Bell's request, it also equitably tolls the statute of limitations for the putative collective action members from the date of the filing of the instant federal action through the date on which the stay is lifted, on the condition that Koval promptly moves for leave to amend the state court complaint to add his FLSA claim to that action.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Pacific Bell's motion to stay pending resolution of the Pacific Bell Wage and Hour Cases in the Alameda County Superior Court. The Court

15

also equitably tolls the FLSA statute of limitations for putative collective action members from the date on which Koval filed the instant federal action through the date on which the stay is lifted, provided that Koval promptly moves to add his FLSA claim to the state court complaint.

The parties shall notify the state court of the pendency of this action and of this Order. When the state court has ruled on the motion to add the FLSA claim to the state court action, the parties shall promptly notify this Court of the result. The parties shall also notify this Court when the state court action has been resolved.

The case management conference set for August 22, 2012 is VACATED.

IT IS SO ORDERED.

Dated: 8/10/2012

CLAUDIA WILKEN
United States District Judge